IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GARNETA R. HODGES,**

    Plaintiff,

vs.                **No. CIV 99-1006 JP/LCS**

**KENNETH S. APFEL**, **Commissioner,**
**Social Security Administration,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 5)*, filed February 29, 2000. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is not well-taken and recommends that it be DENIED.

### Proposed Findings

  1.  Plaintiff Garneta Hodges was married to Edgar D. Hodges from April 21, 1973 until they were divorced on October 20, 1986. *See* Record at 48. Edgar D. Hodges died in November 1989. *See* Record at 30. Plaintiff's deceased ex-husband had two children, Edgar D. Hodges III and Tiffany L. Hodges, who lived with Plaintiff, and depended on Plaintiff for support, from 1989 through at least 1996. *See* Record at 30, 54. Plaintiff applied for mother's benefits under 42 U.S.C. § 402 (g) and she was awarded benefits effective November 1989. *See* Record at 83.

  2.  Plaintiff was the owner/manager of a steak house from 1993 through 1995, and

received net earnings from self-employment of $48,794 in 1993, $45,229 in 1994, and $52,549 in 1995. *See* Record at 29-30, 62. The earnings limits for mother's benefits during those years were $7,680, $8,040 and $8,160, respectively. *See* Record at 112, 120, 128. For earnings over these limits, benefits are reduced by $1 for every $2 of excess earnings. *See id.*

    3.    It is undisputed that Plaintiff was overpaid $28,296 in mother's benefits for the years 1993 through 1995. *See* Pl.'s Motion to Reverse and Remand at 1. Plaintiff, however, asserts that this overpayment should be waived because she was without fault for the overpayment.

    4.    Contrary to the first paragraph of Plaintiff's Motion to Reverse or Remand, the Social Security Administration does not allege that there was an "overpayment of benefits to [Plaintiff's] two children on her deceased [ex-]husband's account." Pl.'s Motion to Reverse and Remand at 1 *(Doc. 5)*. Benefits to Tiffany Hodges and Edward Hodges III are not at issue here. Instead, only the mother's benefits to Plaintiff are relevant here.

    5.    Plaintiff submitted a waiver request dated May 12, 1996. *See* Record at 51-58. Plaintiff initially took the position that she never received any annual report questionnaires for the 1993-95 years and therefore did not report that her income had increased dramatically during the 1993-95 years. *See* Record at 52. Her position at that time was that she was not at fault for failing to report the change in income because she never received the questionnaires. *See id. See also* Record at 69 (stating that claimant, during the personal conference, said that she believed filing income tax returns would take care of the reporting requirement).

    6.    Plaintiff's waiver request was denied on January 30, 1997. *See* Record at 60. Plaintiff's attorney requested reconsideration on March 4, 1997 and again on June 3, 1997. *See*

2

Record at 63, 64. Plaintiff's request for reconsideration was denied on June 25, 1997. *See* Record at 70. Plaintiff made a timely request for hearing on July 3, 1997. *See* Record at 74.

    7.    A hearing before an administrative law judge (ALJ) was held on February 3, 1998. *See* Record at 25. At the hearing, Plaintiff changed her position regarding the annual earnings report questionnaires. Instead of claiming that she never received the questionnaires, she claimed that she received the annual earnings reports and returned them to the Social Security Administration in a timely manner. *See* Record at 30-32, 39-40. The administrative record does not include any completed annual earnings report questionnaires that were filed by Ms. Hodges. However, the record does include blank copies of the questionnaires that Ms. Hodges would have received for the years 1992-95 if, in fact, she had completed and returned the questionnaires. *See* Record at 104-133.

    8.    Each Annual Report of Earnings for the years 1992 through 1995 clearly places Plaintiff on notice that she must file the Report *in addition to* her income tax return. *See* Record at 104, 111, 118, 126. Each Annual Report of Earnings gives Plaintiff clear notice of the earnings limit for each year, and would place her on notice that her earnings for 1993-95 were far in excess of the limits. *See* Record at 105, 112, 120, 128. Each Annual Report of Earnings from 1993 through 1995 instructs Plaintiff that if her earnings estimate changes during the year, she should call the Social Security Administration at its toll free number to report the changes. *See* Record at 114, 123, 131.

    9.    The ALJ denied Plaintiff's application for a waiver in a written decision dated March 27, 1998. *See* Record at 10-22. The ALJ found that Plaintiff should have known to report her earnings above the annual earnings limits for 1993 through 1995 as soon as she became aware

3

that her earnings would exceed those limits. *See* Record at 21. Because Plaintiff failed to notify the Social Security Administration promptly even though she should have known that her earnings exceeded the annual limits, the ALJ found that she was not entirely without fault. *See id.* In view of the finding that Plaintiff was not entirely without fault for the overpayment, the ALJ did not address the question of whether Plaintiff could afford to pay back the overpayment. *See id.*

10. The standard of review of the ALJ's decision is whether the decision is supported by substantial evidence and is in accordance with the law. *See Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989). This court may not re-weigh the evidence, nor may I substitute my judgment or discretion for that of the ALJ. *See id.*

11. The Social Security Act and Social Security Administration regulations provide that the United States shall not recover an overpayment from an individual who is without fault if recovery of the overpayment would either defeat the purpose of Title II of the Social Security Act or would be against equity and good conscience. *See* 42 U.S.C. § 404 (b); 20 C.F.R. § 404.506 (a). "Fault" as defined in 20 C.F.R. § 404.507 includes the following:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew, or could have been expected to know was incorrect.

12. As the ALJ pointed out, Plaintiff has impaled herself on the horns of a dilemma by her own testimony at the administrative hearing. Plaintiff now claims she filed her annual report of earnings each year, as required. If so, she must have received the annual earnings report forms

4

that clearly show, in bold print, the annual earnings limits. These forms put Plaintiff on notice that as a result of her increased earnings in 1993-95, she was not entitled to benefits in those years. The forms also tell her to contact the Social Security Administration at its toll-free number to report any changes in earnings throughout the year that could affect her benefits. It is undisputed that she did not call the Social Security Administration to report that her earnings had increased from the $2,651 she reported in 1992 to $48,794 in 1993, $45,299 in 1994, and $52,549 in 1995. Therefore, there is substantial objective evidence on the record that Plaintiff had notice of both the earnings limit and her duty to report promptly any material changes in self-employment earnings.

13. A subjective test is to be applied in determining whether an individual is at fault. *See* 20 C.F.R. § 404.507. The ALJ noted in her decision that Plaintiff was a business owner and manager, earned two years of college credits, was a younger woman, and did not have any physical, mental, or language impairments that could impair her ability to fulfill her reporting responsibilities. *See* Record at 18-19. Plaintiff does not dispute these findings. Therefore, there is substantial evidence to support the ALJ's findings that a person in Plaintiff's position would have understood the import of a substantial increase in self-employment income on her benefits and her duty to inform the Social Security Administration promptly when her self-employment income was expected to exceed the limit.

14. Given the clear notice that Plaintiff must have received of the earnings limit and her duty to inform the Social Security Administration promptly when her earnings exceeded that limit, I conclude that the ALJ's findings, and in particular Finding No. 2 ("She should have known to report earnings above the annual limits for 1993 through 1995 as soon as she became aware that her earnings for any of those years would exceed the corresponding limit."), are supported by

substantial evidence. *See* Record at 21. Because Finding No. 2 is sufficient to establish that Plaintiff was at least partially at fault for the overpayment according to 20 C.F.R. § 404.507, Plaintiff is not entitled to a waiver of recoupment of the $28,296 overpayment. Therefore, the ALJ's decision is in accordance with the law and should be affirmed.

## Recommended Disposition

I recommend that Plaintiff's motion be denied and this case be dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaSS Orders\99-1006 pfd.wpd